**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**SHEILA D. MITCHELL,**

      **Plaintiff,**

  vs.                                       **Civil Action 2:08-CV-601
                                                           Judge Frost
                                                           Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**


## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. §§405(g), 1383 for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. This matter is now before the Court on plaintiff's *Brief on the Merits* and the Commissioner's *Memorandum in Opposition*.

Sheila D. Mitchell filed her current application on March 27, 2003.[1] Plaintiff's application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

On April 13, 2006, plaintiff, represented by counsel, appeared and testified at the administrative hearing, as did Carl Hartung, who testified as a vocational expert. In a decision dated July 28, 2006, the administrative law judge found that plaintiff's severe impairments, *i.e.*, obesity, degenerative disc disease of the spine, hypertension, diabetes

---

[1] Plaintiff filed an application for disability insurance benefits in 1994, alleging disability as of 1990. That application was denied and plaintiff pursued no further review of that denial. *See A.R.* 17. On March 27, 2003, plaintiff filed applications for both disability insurance benefits and supplemental security income, again alleging disability since 1990. Because plaintiff's insured status for purposes of disability insurance benefits lapsed on December 31, 1995, plaintiff dismissed her claim for disability insurance benefits at the administrative hearing and amended her disability onset date, for purposes of supplemental security income, to the date that her SSI application was filed, *i.e.*, March 27, 2003. *See A.R.* 650.

with neuropathy and bipolar disorder, neither meet nor equal any listed impairment. Doc. No. 25. Relying on the assessment of plaintiff's residual functional capacity articulated by the state agency physicians, *see* Doc. No. 22, the administrative law judge found that plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently, can stand or walk and sit for about 6 hours each in a workday, can frequently balance and stoop and can occasionally kneel, crouch, crawl and climb ramps and stairs, but can never climb ladders, ropes or scaffolds. She is unlimited in her ability to push and pull and to manipulate. She has no specific visual, communicative or environmental limitations. *A.R.* 22. Relying on the testimony of the vocational expert, the administrative law judge found that this residual functional capacity permits plaintiff to perform a significant number of jobs in the regional and national economy. The administrative law judge concluded that plaintiff is therefore not disabled within the meaning of the Social Security Act. That decision became the final decision of the Commissioner of the Social Security when the Appeals Council declined review on May 7, 2008.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *Bass v. McMahon,* 499 F.3d 506, 509

2

(6th Cir. 2007).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990)(citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Although plaintiff challenges the administrative law judge's findings relating to plaintiff's residual functional capacity, the Court concludes that plaintiff's alternative motion for remand for consideration of new evidence is determinative.

As noted *supra,* the administrative law judge specifically found that plaintiff has no "specific visual ... limitations." *A.R.* 26. The administrative law judge went on to base her findings regarding plaintiff's residual functional capacity on the assessment made by the state agency physicians in June 2003 and January 2004. *A.R.* 177-82. That assessment was based on the review by the state agency physicians of the record at the time, which included no evidence of a visual impairment. Because evidence of a possible visual impairment was generated after that date, the Court concludes that the matter should be remanded to the Commissioner for consideration of that new and material evidence. *See* 42 U.S.C. §405(g).

Plaintiff, a diabetic, has been treated by Alan Rehmar, M.D., since May 2003, for non-proliferative diabetic neuropathy and diabetic macular edema. *A.R.* 219-21. In April 2004, *i.e.,* after the state agency

3

physicians had reviewed the medical evidence of record, Dr. Rehmar noted a deterioration in plaintiff's vision as a result of persistent macular edema. *A.R.* 285. He administered intravitreal Kenlog injections in the right eye, *A.R.* 284, which resulted in some improvement. *Id.* The following month, plaintiff's left eye underwent focal/grid laser treatment for diabetic macular edema. *Id.* Treatment continued throughout 2004 and into 2005. *A.R.* 267-83. Dr. Rehmar's treatment notes reflect complaints of blurred and distorted vision. *See, e.g., A.R.* 278, 280. Moreover, after the administrative law judge issued her decision, plaintiff submitted to the Appeals Council additional treatment notes from Dr. Rehmar. *A.R.* 450-63. Those treatment notes reflect continued complaints of floaters and blurred vision. *See, e.g.,* 451, 457. It is simply inaccurate to conclude, as the administrative law judge stated, that the treatments administered in April 2004 "have substantially resolved the condition." *See A.R.* 20.

> Under the provisions of 42 U.S.C. §405(g),
>
> [T]he court may, ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding; ...

In order to justify a remand on the basis of new and material evidence, plaintiff must establish not only that the evidence is new but that it is necessary that it be a part of the record to afford the claimant a fair hearing or that, had the evidence been a part of the record, the decision of the Commissioner might have been different. *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir 1988); *see also Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 174 (6th Cir.

1994).  This standard also applies to evidence submitted for the first time to the Appeals Council.  *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).  Moreover, a plaintiff seeking remand on this basis must establish that good cause exists for failure to incorporate the new and material evidence into the prior proceeding.  *Willis v. Sec'y of Health & Human Servs.,* 727 F.2d 551, 554 (6th Cir. 1984).

       This Court concludes that plaintiff has satisfied this burden.  Dr. Rehmar's continued treatment records, generated after the administrative law judge issued her decision, were therefore new.  Because those records could not have been presented to the administrative law judge, there is good cause for the plaintiff's failure to incorporate those documents into the record before the administrative law judge.  Finally, those records are material because they directly address plaintiff's visual condition, which the administrative law judge found, without the benefit of an assessment by the state agency's physicians, posed no limitations on plaintiff's ability to engage in work related activities.  If it were determined, based on those records, that plaintiff's visual impairment limits her ability to work, the Commissioner's findings relating to plaintiff's residual functional capacity should reflect all limitations caused by plaintiff's visual impairment.

       It is therefore **RECOMMENDED** that this action be **REMANDED** to the Commissioner for the consideration of new and material evidence.

       If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in

question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


August 24, 2009                            *s/Norah McCann King*
                                           Norah M$^c$Cann King
                                           United States Magistrate Judge